# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                               CRIMINAL ACTION NO. 3:19-00066

BRASHAN BEVERLY

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Brashan Beverly's Motion to Suppress Evidence Seized on December 23, 2018. ECF No. 25. The Government filed a response opposing the motion. ECF No. 26. Defendant did not file a reply. The Court heard oral argument on August 23, 2019. One witness, arresting officer Captain D.K. Richardson III, testified. Finding no Fourth Amendment violation, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

On December 23, 2018, Capt. Richardson of the Nitro Police Department responded to a possible overdose at Tudor's Biscuit World in Nitro, Putnam County, West Virginia. Capt. Richardson and the other officer present encountered a woman on the restaurant's steps exhibiting signs of an overdose. Before Capt. Richardson arrived, restaurant employees informed the police that two people previously accompanied the woman inside the restaurant but left the restaurant once employees called the police. Those two individuals were now sitting in a vehicle in the parking lot.

To gather information about the incident, Capt. Richardson approached the vehicle on foot and observed an uncapped hypodermic needle lying on the vehicle's back seat. Capt. Richardson began speaking with Defendant, who was sitting in the driver's seat, and Defendant informed Capt.

Richardson that the overdosing woman was Defendant's girlfriend. Defendant then identified himself by name, and Capt. Richardson recognized his name from a shooting approximately ten years prior in St. Albans, West Virginia. Capt. Richardson asked Defendant if he had ever been arrested, and Defendant stated he previously was arrested in connection with a shooting. As the conversation continued, Capt. Richardson observed Defendant breathing heavily with his carotid artery visibly pulsating on his neck, indicating Defendant was nervous. Capt. Richardson then asked Defendant if he had any weapons. After a distinct pause, Defendant responded no.

Capt. Richardson then asked Defendant to get out of the vehicle, and he frisked Defendant for weapons. While frisking him, Capt. Richardson touched a hard, round object near Defendant's crotch for a quarter of a second. Defendant stepped away to interrupt the frisk. Capt. Richardson reinitiated the frisk, touched the hard object again for approximately two seconds, and determined the object was heroin or crack cocaine. Capt. Richardson then placed Defendant in hand restraints and removed the object from Defendant's underwear. The object was a brown rock-like substance resembling heroin in a plastic bag. After discovering the substance, Capt. Richardson searched Defendant's vehicle and found digital scales, plastic sandwich bags, and a firearm stuffed between the driver's seat and center console. After searching the vehicle, Capt. Richardson field tested the substance found on Defendant, and the substance tested positive for heroin.

## II. DISCUSSION

### a. Capt. Richardson's and Defendant's Initial Encounter Does Not Implicate the Fourth Amendment.

The Fourth Amendment is not implicated in a police-citizen encounter where police officers approach someone in public to speak with or ask questions of him or her. *Florida v. Bostick*, 501 U.S. 429, 439–40 (1991). Only when an individual is no longer free to leave is the

individual seized and the Fourth Amendment implicated. *Michigan v. Chesternut*, 486 U.S. 567, 573 (1988).

Here, Capt. Richardson acted within the lawful bounds of a police-citizen encounter when he first approached Defendant's vehicle. Restaurant employees informed the police that Defendant previously was inside the restaurant with the overdosing woman, indicating to Capt. Richardson that Defendant had relevant information. Defendant's explanation that the woman was his girlfriend gave Capt. Richardson more reason to continue asking Defendant questions to learn the circumstances of the woman's overdose. At this point, Capt. Richardson had not restrained Defendant's ability to leave the encounter, rendering the Fourth Amendment inapplicable.

### b. Capt. Richardson Developed Reasonable Suspicion to Frisk Defendant for Weapons.

A police officer may frisk a suspect for weapons without a warrant if the officer has an articulable, reasonable suspicion that the suspect is armed and dangerous. *U.S. v. Hensley*, 469 U.S. 221, 226–28 (1985). The Court determines reasonable suspicion objectively based on the totality of circumstances, including information known to the officer and reasonable inferences the officer can draw at the time of the stop. *U.S. v. Arvizu*, 534 U.S. 266, 273 (2002). Unusually nervous behavior, such as shaking hands, heavy breathing, and inconsistent answers, are supportive of finding reasonable suspicion. *U.S. v. Mayo*, 361 F.3d 802, 806 (4th Cir. 2004).

The Court finds Capt. Richardson had reasonable suspicion at the time he frisked Defendant for weapons. First, Defendant went to his vehicle instead of staying with and assisting his overdosing girlfriend, suggesting to Capt. Richardson an intentional evasion of the police to conceal criminal activity. Second, Capt. Richardson observed an uncapped hypodermic needle in the vehicle, for which possession without a valid prescription is an arrestable offense in Nitro. Third, Defendant appeared unusually nervous in response to Capt. Richardson's questioning

because of his heavy breathing and visible pulse. And fourth, Capt. Richardson recalled, and Defendant admitted, that he previously was arrested in connection with a shooting.

At the hearing, Defendant's counsel prodded which of these facts specifically formed the basis for Capt. Richardson's decision to frisk Defendant for weapons. However, Capt. Richardson's subjective evaluation of these facts is irrelevant under the objective reasonable suspicion standard. Capt. Richardson knew all four of these facts at the time of the frisk, and the combination of these facts supports an objectively reasonable belief that Defendant was armed and dangerous.

### c. The Plain Feel Doctrine Permitted Capt. Richardson's Seizure of Defendant's Heroin.

Under the "plain feel" doctrine, police officers may seize contraband discovered during a frisk for weapons if its "contour or mass makes its identity [as contraband] immediately apparent." *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). In the factually similar case *U.S. v. Raymond*, the Fourth Circuit held an officer who immediately realized an object in the defendant's wasteband was crack cocaine did not violate the Fourth Amendment by seizing it. *U.S. v. Raymond*, 52 F.3d 309, 312–13 (1998).

The plain feel doctrine applies here because the heroin was immediately apparent to Capt. Richardson. The "immediately apparent" requirement prevents officers from intrusively manipulating an object for a lengthy period of time to discern its identity. In contrast, the heroin became apparent to Capt. Richardson after only one touch lasting a quarter of a second and a second touch lasting two seconds, and Capt. Richardson only touched the object a second time because Defendant pulled away during the first touch. Capt. Richardson based his determination on his extensive law enforcement experience, including approximately four and a half years working undercover with the Metropolitan Drug Enforcement Network Team. This experience

allowed Capt. Richardson to make an immediate determination of the object's identity based on its size, shape, density, and location on Defendant's body.

### d. Capt. Richardson's Search of Defendant's Automobile Was Lawful Under the Fourth Amendment's Automobile Exception.

Under the "automobile exception," police may search a vehicle without a warrant if the vehicle is "readily mobile" and probable cause exists to believe the vehicle contains contraband or evidence of a crime. *Maryland v. Dyson*, 527 U.S. 465, 466 (1999). Probable cause is an objective standard and requires "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). So long as probable cause exists and the vehicle is readily mobile, separate exigent circumstances are not required for a warrantless search. *Dyson*, 527 U.S. at 466.

Here, probable cause existed for Capt. Richardson to search Defendant's vehicle. At the time of the search, Capt. Richardson already had discovered Defendant's girlfriend overdosing from drugs, an uncapped hypodermic needle on the back seat of the vehicle, and what appeared to be heroin hidden in Defendant's underwear. A fair probability existed that a search of the vehicle would uncover further evidence of illegal drug possession. And because the vehicle was readily mobile, sitting in a parking lot with Defendant behind the wheel, the warrantless search required no additional exigent circumstances.

### III. CONCLUSION

Accordingly, the Court finds no Fourth Amendment violation and **DENIES** Defendant's Motion to Suppress Evidence Seized on December 23, 2018. ECF No. 35.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: August 29, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE